047-17    048-17

No. 11-14-00235
11-14-00236

ORIGINAL

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAR 23 2017

Abel Acosta, Clerk

JESUS FELIPE LOPEZ

- VS -

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2017

Abel Acosta, Clerk

PETITION IN CAUSE NO. CR18774 AND CR22354
FROM THE 35TH DISTRICT COURT OF
BROWN COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE
EIEVENTH DISTRICT OF TEXAS;
NO. 11-14-00235

# PETITION FOR DISCRETIONARY REVIEW

JESUS FELIPE LOPEZ
TDCJ NO. 1951184
Michael unit, 2664 FM 2054, Tennessee
colony, TX 75886

PRO - SE

(APPELLANT REQUESTS NO ORAL ARGUMENT)

## NAMES OF ALL PARTIES

JUDGE:

Honorable Stephen Ellis
35th DISTRICT COURT Judge


ATTORNEY FOR THE
State on APPEAL :

CHRISTINA NEISON
Assitant District Attorney, Brown, county
200 South Broadway, Brownwood, TX 76801


TRIAL COUNSEL:

STUART HOLDEN
P.O. Box 633
Ballinger, TX 76821


Attorney FOR
APPEAL :

APPellate counsel:
TIM Copeland
P.O. Box 399
Cedar Park, TX 78613

# TABLE OF CONTENTS

PAGE

Names of all Parties — — — — — — — — i

Table of contents — — — — — — — — ii

Index of Authorities — — — — — — — iii

Statement Regarding No oral Argument — — — — 1

statement of the case — — — — — — — 1

Statement of Procedural History — — — — — 1

Ground for Review — — — — — — — 1,2

Argument — — — — — — — — — 2,3

Prayer for Relief — — — — — — — — 3

certificate of service — — — — — — — 4

Declaration/verification — — — — — — 4

APPENDIX:

     court of Appeals' Memorandum opinion — — 5

EXHIBIT #1      Memorandum opinion of the ElEVENTH court of Appeals

EXHIBIT #2      Opinion of motion of RE-Hearing under Rules Appellant procedure 49.1, of the ElEVENTH court of Appeals

# INDEX OF AUTHORITIES

**FEDERAL**                                                                    PAGE

Kotteakos V. united states,
328 u.s. 750, 765, 66 s. Ct. 1239, 1247 90 L.Ed. 1557 (1946). _ _ _ 3


**STATE**

Barshaw V. state, 342 s.w. 3d 91, 93-94 (Tex. crim. APP. 2011) _ _ _ 2

Johnson V. state, 967 s.w. 2d 410, 417 (Tex. crim. APP. 1998) _ _ _ _ 2

Motilla V. state, 78 s.w. 3d 352, 356 (Tex. crim. APP. 2002) _ _ _ _ 3

scott v. state, 227 s.w. 3d 670, 690 (Tex. crim. APP. 2007) _ _ _ _ 2

## STATEMENT REGARDING NO ORAL ARGUMENT

No oral argument is requested because, as will be shown below, the trial record clearly establishes the evidence.

## STATEMENT OF THE CASE

On the 28th day of August. 2014, Jesus Felipe Lopez. ("Appellant") was convicted in the 35th District court of Brown county, Texas and sentenced to life without parole in the Texas Department of criminal Justice in cause #11-14-00235/11-14-00236, for the offense of continuous sexual abuse of a child, S.M.L [a pseudonym] in trial court cause number CR-22354 (11-14-00236-CR), and it also revoked Appellant's community supervision for a theft offense in trial court cause number CR-18774 [theft over 1,500 but under 20,000](11-14-00235), the trial court then assessed punishment on the theft charge at two (2) years incarceration in the state Jail Division of the Department of criminal Justice.

Appellant gave due notice of appeal from both Judgments and sentences. see [C.R. 1, P. 125] (C.R. 1, P. 136).

## STATEMENT OF PROCEDURAL HISTORY

On August 18, 2016, the Eleventh court of appeals affirmed the trial court's Judgment of continuous sexual abuse of a child, and the theft charge of (under 20,000 over 1,500).

Filed a extension (two) times for motion for Re-Hearing which were granted, Appellant filed the motion for Re-Hearing, was Denied on November 17, 2016, Appellant also filed (two) extensions of time for petition for Discretionary Review, first one was granted, second Denied. The petition was extended to March 20, 2017.

## GROUND FOR REVIEW

When two detailed outcry statements were erroneously omitted and argued as showing the complainant's credibility

is it proper to find harmless error based solely on that complainant's testimony?

The court of Appeals dicision conflicts with another court of appeals on the same issue, specifically. see _Scott v. State_, 227 s.w. 3d 670, 690 (Tex. crim. App. 2007). The emphasis of harm analysis "should not be on the propriety of the outcome of the trial". (internal quotations omitted).

The court of Appeals has misconstrued, a statue, Rule, Regulation, or ordinance, specifically Rule 44.2 (b), Tex. R. App. (west 2013).

## ARGUMENT AND AUTHORITIES

The court of Appeals upheld the trial court's decision to admit or exclude the hearsay Testimonies Ruling if it was within the zone of reasonable disagreement, slip op. pp. 6. The court then held that "Even if the court were to assume that officer self's out-cry testimony was erroneously admitted, it was harmless in light of the graphic, detailed testimony provided by s.m.L. slip op. pp. 8, in its analysis, The court of Appeals did not evaluate how the evidence was used. 2nd instead simply noted there was " it was harmless in light of the graphic, detailed testimony provided by s.m.L. slip op pp.8. This analysis misapplies The standard of harm review because it did not address the main effect of the error i.e. enhancement of complainant's credibility in the key testimony describing the offense.

This case is important because the standard of review for harm under Rule 44.2 (b), Tex. R. App. Proc (west 2013), is often misapplied. An error may be considered harmless if, "after examining the record as a whole, the [reviewing court] has a fair assurance that error did not influence the jury, or had a slight effect". Johnson v. State, 967 s.w. 2d 410, 417 (Tex. crim. App. 1998). "[I]n case of grave doubt as to harmlessness The petitioner must win". Barshaw v. State. 342 s.w. 3d 91, 93-94 (Tex. crim. App. 2011).

-2-

while the existence of other evidence supporting judgment must always be of any harmless error analysis, other evidence of guilt should not be the ... sole criteria for evaluating harm ___ "see <u>kotteakos v. united states</u>, 328 u.s. 750, 765, 66 s.ct. 1239, 1247, 90 L.Ed. 1557 (1946) (construing federal rule that was source for Rule 44.2(b)). It has been over ten years since this court has addressed the interplay between other evidence of guilt and possibility of harm from the error's effect under Rule 44.2(b), (Tex. R. App. Proc. (west 2013). see <u>motilla v. state</u>, 78 s.w. 3d 352, 356 (Tex. Crim. App. 2002) (reversing court of appeals for not considering the weight of other evidence but also reaffirming that the review "transcends determing whether the conviction was correct" yet reaffirming "... the concern is solely to trace the impact of the error.")

In the meantime, lower reviewing courts have developed a tendency to rely on this as the primary, if not the sole, criterion. This all too often leads to application of sufficiency review rather than meaningful analysis of harm The improperly admitted evidence, this case provides an example through which this court may clarify the nature of the required analysis.

## PRAYER FOR RELIER

WHEREFORE, for all of the reasons cited above, Appellant prays that this court Grant this Petition remand this case back to the court of Appeals with instructions to reverse the judgment of the trial court and remand for a new trial in keeping with its finding herein and, in the alternative, enter such other orders as may be appropriate with its decision herein.

respectfully submitted.
(s) _Jesus Jony_
Jesus Felipe Lopez
TDCJ No. 1957184
michael unit
2664 FM 2054
Tennessee colony, Tx 75886
PRO-SE

-3-

## CERTIFICATE OF SERVICE

I, certify that a true and correct copy of this petition for discrationary Review was sarved to the state's Attorney by Placing same in the michael unit mailbox, Postage Pre-Paid, on March 14 2017. and addressed to: christina Nelson

/ sam c. moss, Asst.
District Attorney
of Brown county,
200 south Broadway,
Brownwood, TX 76801

## DECLARATION / VERIFICATION

I, JESUS FELIPE LOPEZ, TDCJ No. 1951184, being Presently incarcerated in the M.W. michael unit of the Texas Department of criminal Justice in ANDERSON county, Texas verify and declare under Penal of Perjury that the foregoing statement are true and correct.

EXECUTED ON THIS THE 14 DAY OF march 2017.

(S) Jesus Lopez
Jesus F. Lopez
TDCJ No. 1951184
michael unit
2664 Fm 2054
Tennessee colony, TX 75886

-4-

# APPENDIX

EXHIBIT # 1     court of Appeals memorandum opinion

EXHIBIT # 2     court of Appeals opinion of motion RE-hearing



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Jesus Felipe Lopez a/k/a
Jesse Felipe Lopez,

\* From the 35th District
Court of Brown County,
Trial Court No. CR18774.

Vs. No. 11-14-00235-CR

\* August 18, 2016

The State of Texas,

\* Memorandum Opinion by Bailey, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Jesus Felipe Lopez a/k/a
Jesse Felipe Lopez,

\* From the 35th District
Court of Brown County,
Trial Court No. CR22354.

Vs. No. 11-14-00236-CR

\* August 18, 2016

The State of Texas,

\* Memorandum Opinion by Bailey, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.



In The

# Eleventh Court of Appeals

---

## Nos. 11-14-00235-CR & 11-14-00236-CR

---

**JESUS FELIPE LOPEZ A/K/A JESSE FELIPE LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause Nos. CR18774 & CR22354**

---

## MEMORANDUM OPINION

In a single proceeding, the trial court convicted Jesus Felipe Lopez a/k/a Jesse Felipe Lopez of continuous sexual abuse of a child and revoked his community supervision for state jail felony theft. With respect to the conviction for continuous sexual abuse, the trial court assessed Appellant's punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice without the possibility of parole. The trial court also sentenced Appellant to confinement in the

State Jail Division of the Texas Department of Criminal Justice for a term of two years after revoking his community supervision on the theft conviction. Appellant challenges both judgments in a single issue. He asserts that the trial court erred by permitting a police officer to testify as an outcry witness. We affirm.

## Background Facts

Appellant was charged with continuous sexual abuse of a child in trial court cause no. CR22354. He appeals his conviction for this offense in our cause no. 11-14-00236-CR. The Texas Penal Code provides, in relevant part, that a person seventeen years of age or older commits an offense if, during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse against a child or children younger than fourteen years of age. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2016). An "act of sexual abuse" includes indecency with a child, other than touching the breast, as provided by Section 21.11(a)(1); sexual assault under Section 22.011; and aggravated sexual assault under Section 22.021. PENAL § 21.02(c)(2)–(4).

S.M.L. is Appellant's stepdaughter. She was under the age of fourteen at the times relevant to the offense. The indictment charged Appellant with committing the following acts during a period that was thirty or more days in duration:

> [I]ntentionally or knowingly causing the penetration of the sexual organ of S.M.L. by Appellant's sexual organ or finger;
>
> intentionally or knowingly engaging in sexual contact with S.M.L. by touching her genitals with the intent to arouse or gratify Appellant's sexual desire;
>
> intentionally or knowingly causing the penetration of the anus of S.M.L. by Appellant's sexual organ or finger; and
>
> intentionally or knowingly engaging in sexual contact with S.M.L. by touching her anus with the intent to arouse or gratify Appellant's sexual desire.

2

In trial court cause no. CR18774, Appellant pleaded guilty in 2007 to the offense of theft over $1,500 and under $20,000. Pursuant to a plea agreement, the trial court sentenced Appellant to confinement for a term of two years in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $750. However, the trial court suspended the imposition of the confinement portion of Appellant's punishment by placing him on community supervision for a term of five years. The State filed a motion to revoke Appellant's community supervision in December 2012. The State alleged that Appellant violated the terms and conditions of his community supervision by committing the offense of aggravated sexual assault of a child on or about December 27, 2012. The facts serving as the basis for that allegation are part of the allegations that served as the basis for the continuous sexual abuse charge. The trial court considered the motion to revoke at the same time that it conducted a bench trial on guilt/innocence on the continuous sexual abuse charge.[1] The trial court found the allegation to be true, and it revoked Appellant's community supervision based upon this finding. Appellant challenges the judgment revoking his community supervision in our cause no. 11-14-00235-CR.

S.M.L. testified at length concerning Appellant's acts of sexual assault and sexual contact with her that spanned over two years. She was almost fifteen years old at the time of trial. S.M.L. was nine or ten when Appellant started the conduct. The initial incidents involved Appellant touching her in a manner that made her feel uncomfortable. S.M.L. testified that, when she was ten and in the fourth grade, Appellant gave her a horse but that she "had to do sexual things" with him in return

---

[1]Appellant was also charged with additional offenses in trial court cause no. CR22508. Appellant was tried for the additional offenses at the same time that he was tried for the matters that are the subject of these appeals. The trial court acquitted Appellant of the additional offenses.

for it. Specifically, she testified that, a few days after Appellant gave her the horse, he removed her pants and underwear at the stalls where they kept the horse, that he digitally penetrated her "vaginal area," and that he penetrated her "anal" with his penis. S.M.L. went on to testify in graphic detail about more than fifteen episodes of Appellant committing various acts of digital and penile penetration of her vagina and anus. Additionally, Appellant required S.M.L. to perform oral sex on him during some of these episodes, and he used various sex toys to penetrate her.

The last incident that S.M.L. described occurred on December 27, 2012. S.M.L.'s mother essentially caught Appellant in the act of sexually assaulting S.M.L. on this occasion. S.M.L. had been finger painting at their apartment that day. When she could not wash the paint off her hands, Appellant took her to his nearby shop to use some type of cleaner for her hands. After S.M.L. washed her hands, Appellant told her to take off her pants and lie down on the floor of his office. After spitting on S.M.L.'s "vaginal area," he rubbed it with his penis. He then told S.M.L. to go to a car is his shop, whereupon he had anal intercourse with her. While this was occurring, S.M.L.'s mother arrived to find Appellant's shop locked. L.E., S.M.L.'s mother, testified that she felt like Appellant and S.M.L. had been gone too long to wash her hands, so L.E. went to his nearby shop to check on them. L.E. thought it was odd that the door was locked, and she thought it took Appellant an unusually long time to open the door. L.E. found S.M.L. on the toilet crying and trembling.

After initially denying that anything had happened between her and Appellant, S.M.L. told L.E. that Appellant had assaulted her. L.E. immediately called the police to report the incident. Brownwood police officers arrived within a matter of minutes because Appellant's shop was located a very short distance from the police department. Officer Sky Self accompanied S.M.L. and L.E. to Brownwood Regional Medical Center for the purpose of a "SANE" examination to be performed

4

on S.M.L. He interviewed S.M.L. at the hospital in Brownwood about what had transpired between her and Appellant. Subsequently, S.M.L. was transported to Hendrick Medical Center in Abilene where a SANE examination was performed.[2] A vaginal specimen taken from S.M.L. at the hospital revealed the presence of semen. A DPS laboratory technician testified that DNA testing of this specimen revealed a "sperm cell fraction" that was consistent with a mixture from the DNA profiles of Appellant and S.M.L. Additionally, DNA testing of a specimen taken from a swab of Appellant's penis revealed a mixture of DNA from which Appellant and S.M.L. could not be excluded as the contributors.

*Analysis*

In his sole issue, Appellant contends that the trial court erred in permitting Officer Self to testify as an outcry witness. He asserts that L.E. was the proper outcry witness because she was the first adult that S.M.L. told about Appellant's abuse. The State called Officer Self as its first witness. The prosecutor asked him to testify about the allegations that S.M.L. reported to him at the hospital. Appellant objected to Officer Self's testimony on hearsay grounds. The trial court then received arguments from counsel concerning whether Officer Self qualified as an outcry witness. Appellant asserted that L.E. was the proper outcry witness because she was the first adult that S.M.L. told. The prosecutor responded by asserting that S.M.L. only told L.E. about the incident that occurred immediately prior to the police being called. The prosecutor read an excerpt of a statement from L.E. detailing that the only report that S.M.L. made to L.E. was that Appellant "tried to put his finger in my butt." The prosecutor argued that Officer Self was the first adult that S.M.L. told about the details of Appellant's conduct over the course of two years. The trial court overruled Appellant's objection and permitted Officer Self to testify about the details

---

[2]A SANE was not available at the hospital in Brownwood to examine S.M.L.

that S.M.L. reported to him. In making this ruling, the trial court determined that the report that L.E. received from S.M.L. only pertained to one of the acts of sexual abuse alleged in the indictment.

Officer Self testified that S.M.L. told him that Appellant had sexually assaulted her over the course of two years. She told him that it usually happened in her parents' bedroom when her mother was not home. He also testified as follows:

> [S.M.L.] told me [Appellant] had bought her a horse, that he often uses this as leverage to convince her that she needs to do the sexual acts that he describes so that she can keep the horse. She said bluntly that it is the same type of scenario every time. He will use his fingers to open her vaginal area up and her anus up and then he will proceed to have unprotected sex with her.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* at 391. A trial court has "broad discretion" to determine the admissibility of outcry evidence, and we will not disturb its determination as to the proper outcry witness absent a showing in the record that the trial court clearly abused its discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd).

Article 38.072 of the Texas Code of Criminal Procedure creates a hearsay exception for a child complainant's out-of-court "statements" that "describe . . . the alleged offense," so long as those statements "were made to the first [adult] person . . . to whom the child . . . made a statement about the offense." TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (West Supp. 2016); *see Bays v. State*, 396 S.W.3d 580, 585 (Tex. Crim. App. 2013). Hearsay testimony from more than one outcry

6

witness may be admissible under Article 38.072 if the witnesses testify about different events. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (citing *Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd)). Thus, admissible outcry witness testimony is event-specific, not person-specific. *Eldred v. State*, 431 S.W.3d 177, 181–82 (Tex. App.—Texarkana 2014, pet. filed); *Polk v. State*, 367 S.W.3d 449, 453 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Because designation of the proper outcry witness is event-specific, when a child is victim to more than one instance of sexual assault, it is possible to have more than one proper outcry witness—so long as the outcries concerned different events and not simply repetition of the same event told to different individuals. *Robinett v. State*, 383 S.W.3d 758, 762 (Tex. App.—Amarillo 2012, no pet.); *Brown v. State*, 189 S.W.3d 382, 387 (Tex. App.—Texarkana 2006, pet. ref'd).

In cases where a child has been a victim to more than one instance of sexual assault, multiple outcry witnesses may testify about separate acts of abuse committed by the defendant against the child. *See Lopez*, 343 S.W.3d at 140. By its nature, the offense of continuous sexual abuse of a child involves more than one act of sexual abuse. The trial court determined that the initial report that S.M.L. gave to her mother only concerned the event that happened immediately preceding the report and that it only addressed one of the four acts of sexual abuse alleged in the indictment. Accordingly, we conclude that the trial court did not abuse its discretion in concluding that Officer Self was a proper outcry witness.

Moreover, improper outcry-witness testimony is harmless when other properly admitted witness testimony sets forth the same facts. *See Allen v. State*, 436 S.W.3d 815, 822 (Tex. App.—Texarkana 2014, pet. ref'd) (error in admitting improper outcry-witness testimony was harmless where the child complainant testified to the same facts contained in the outcry statement and was subject to cross-

examination). Even if we were to assume that Officer Self's outcry testimony was erroneously admitted, it was harmless in light of the graphic, detailed testimony provided by S.M.L. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY

JUSTICE


August 18, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.



**Court of Appeals**

**Eleventh District of Texas**

100 WEST MAIN STREET, SUITE 300

P. O. BOX 271

EASTLAND, TEXAS 76448

November 17, 2016

JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638

FAX: 254/629-2191

sherry.williamson@txcourts.gov

www.txcourts.gov/11thcoa

Michael Murray, District Attorney
Brown County Courthouse
200 South Broadway
Brownwood, TX 76801
* DELIVERED VIA E-MAIL *

Elisha Bird, Assistant
District Attorney's Office
Brown County Courthouse
200 South Broadway
Brownwood, TX 76801
* DELIVERED VIA E-MAIL *

Jesus Felipe Lopez
#1951184
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

**RE:**   Appellate Case Number: 11-14-00235-CR
Trial Court Case Number:   CR18774
**Style:** Jesus Felipe Lopez a/k/a Jesse Felipe Lopez v. The State of Texas

The Court has this day **DENIED** "Appellant's Pro Se Motion Requesting a Rehearing under Rules Appellant Procedure 49.1" in the above cause.

If either party wishes to file a Petition for Discretionary Review, please note:

1)  Pursuant to TEX. R. APP. P. 68.3(a), the petition and all copies of the petition must be filed with the Clerk of the Court of Criminal Appeals; and

2)  Pursuant to TEX. R. APP. P. 68.4(i), a copy of this Court's opinion must be attached to each copy of the Petition for Discretionary Review.

Respectfully yours,

Sherry Williamson, Clerk

cc:   Tim Copeland (DELIVERED VIA E-MAIL)

US F. LOPEZ
-NO. 195711184
label Unit
FM 3054
essee colony, TX
75886

HONORABLE DISTRICT CLERK ABEl ACOSTA
% COURT OF CRIMINAl APPEAlS
P.O. BOX 12308
AUSTIN, TEXAS 78711

